UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**MICHAEL JASON PROFITT et al.**                                                                 **PLAINTIFFS**

**v.**                                                             **CIVIL ACTION NO. 3:09CV-784-H**

**ASA-BIN-LADEN et al.**                                                                 **DEFENDANTS**

## MEMORANDUM OPINION

Alleging criminal theft, Plaintiff Michael Jason Profitt filed a *pro se* complaint on his own behalf and on behalf of Delicate Details, Divine Solution, Rimely Time, Organic Shreg, and Delicate Impact. As Defendants, he names "Asa-Bin-Laden," Payments Worldwide, Contract Murders, Central State Hospital, Monicle, Kroger, Wal-Mart, Burger King, McDonalds, Wild Oats, Wayside Mission, Ozanam Mission, and the Healing Place.

Profitt filed suit on a court-supplied complaint form. As grounds for filing suit, he states, "Stole all my [illegible] even Kroger (Monicle) trying to do a next Bomb in America committing contract Murders in the Town Gary Spencer was murdered over the Criminal Theft Tommy Lee [illegible]." In the statement-of-claim section of the form, he writes:

> Stealing Bis Name with Alcada and Plotting Statue of Liberty Bombing D. Doolye assault at LMDC jail

> Some of my Bis Names that I stole is Kroger Wal-Mart Cricket supporting the Alcada doing contract murders in the Tova with Admittance of Alcada worker with Jim Clark . . . and Secret Service Hostage of Thailand Check Criminal Report.

Profitt left the relief section of the complaint blank.

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Profitt's allegations clearly meet this standard for dismissal on the basis of lack of subject matter jurisdiction.

Further, Profitt is prohibited from representing the other Plaintiffs, who are presumably companies of some sort. It is well settled that corporations, partnerships, and associations cannot appear in federal court except through a licensed attorney, *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984), and it is insufficient that the person attempting to represent a business entity is an officer or principal stockholder in that entity. *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970).

The Court will, therefore, enter a separate order of dismissal.

Date:


cc:     Plaintiff, *pro se*
4412.005